103 A.3d 797

## IN THE MATTER OF BENJAMIN MORTON, AN ATTORNEY AT LAW (ATTORNEY NO. 050681998).

December 10, 2014.

### ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–057, concluding that **BENJAMIN MORTON** of **NEWARK,** who was admitted to the bar of this State in 1998, should be suspended from the practice of law for a period of three months for violating *RPC* 1.4(b) (failure to communicate with the client), *RPC* 1.8(a) (prohibited business transaction with a client), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and good cause appearing;

It is ORDERED that **BENJAMIN MORTON** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective January 6, 2015; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.